2014 UT App 127

**Eugene S. McNAIR, Petitioner and Appellant,**

v.

**STATE of Utah, Respondent and Appellee.**

**No. 20110766–CA.**

Court of Appeals of Utah.

June 5, 2014.

Troy L. Booher and Beth E. Kennedy, for Appellant.

Sean D. Reyes and Erin Riley, for Appellee.

Judge GREGORY K. ORME authored this Opinion, in which Judges J. FREDERIC VOROS JR. and STEPHEN L. ROTH concurred.

Opinion

ORME, Judge:

¶ 1 Eugene S. McNair appeals the dismissal of his petition seeking post-conviction relief from his conviction for rape, a first degree felony. He argues that the trial court erred in granting the State's rule 12(b)(6) motion to dismiss his petition as untimely. *See* Utah R. Civ. P. 12(b)(6). Because we conclude that the allegations in McNair's pro se petition, as bolstered by his response to the State's motion to dismiss, were sufficient to survive dismissal, we reverse.

## BACKGROUND [1]

¶ 2 McNair has a mental disability as a result of fetal alcohol syndrome that prevents him from reading and writing and otherwise limits his intellectual abilities. In 2006, the State charged McNair with one count of rape, one count of forcible sodomy, and one count of forcible sexual abuse. McNair submitted a blood sample for a DNA test. Without knowing the results of the DNA test and acting on the advice of his trial counsel, McNair pled guilty a month later to one count of rape and was sentenced to prison. The State dropped the additional charges pending against McNair. More than two years later, McNair's trial counsel mailed him a copy of the DNA test results without any comment or advice. McNair got someone to read him the results and learned for the first time that the DNA samples taken from the victim's vaginal and perineal/anal swabs did not match his DNA. McNair asserts that he would not have pled guilty if trial counsel had shared the results of the exculpatory DNA test with him in timely fashion.

¶ 3 Under the Post–Conviction Remedies Act (the PCRA), McNair had one year from the day he received the letter to challenge his conviction. *See* Utah Code Ann. § 78B–9–107(1)–(2) (LexisNexis 2012) [2] ("A petitioner is entitled to relief only if the petition is filed within one year after ... the date on which petitioner knew or should have known ... of evidentiary facts on which the petition is based[.]"). Apparently unaware of the PCRA or the statute of limitations contained in Utah Code section 78B–9–107, McNair decided he would present the letter to the Utah Board of Pardons and Parole at his next parole hearing. McNair eventually changed course and, with the help of contract attorneys at the prison, filed a pro se petition for post-conviction relief.[3] This filing, however, was accomplished nearly one month beyond the one year that McNair had in which to file his petition upon learning of the DNA test results.

¶ 4 In his pro se petition, McNair explained that he was "mentally challenged and was not aware that he could file for post conviction relief." He then asked the trial court, in the "interest of justice," to accept the petition even though it was late.

¶ 5 The State filed a motion to dismiss under rules 12(b)(6) and 65C of the Utah Rules of Civil Procedure. In its motion, the State argued that an amendment to the PCRA replaced the "interests of justice" exception to the statute of limitations with a tolling provision and that because McNair failed to explicitly assert that he was entitled

1. "On appeal from a motion to dismiss, 'we review the facts only as they are alleged in the complaint.' We accept the factual allegations as true and draw all reasonable inferences from those facts in a light most favorable to the plaintiff." *Peck v. State*, 2008 UT 39, ¶ 2, 191 P.3d 4 (quoting *Hall v. Department of Corrections*, 2001 UT 34, ¶ 2, 24 P.3d 958).

2. Because the provisions in effect at the relevant time do not differ in any way material to our analysis from the statutory provisions now in effect, we cite the current edition of the Utah Code Annotated as a convenience to the reader.

3. After filing his pro se petition and after responding pro se to the State's motion to dismiss, McNair was assigned a pro bono attorney who filed a supplemental petition, which the State moved to dismiss as well. On appeal, neither party argues that the second petition supplants the original pro se filings. Because the second petition unnecessarily complicates the issue, we omit it from our analysis and focus only on McNair's pro se petition and pro se response.

to have the statute of limitations tolled due to his mental incapacity, his petition was untimely. *See* Utah Code Ann. § 78B–9–107(3) & amend. notes. In his pro se response to the State's motion, McNair acknowledged that the State "correctly note[d] that the 'int[e]rest of justice' exception was part of an older version of the PCR[A] statute" but maintained that he should still be entitled to relief under the PCRA's tolling provision. McNair explained:

> The State is wrong. The "int[e]rest of justice" will always be of fundamental importance whether written into a statute or not.[4] Furthermore, ... Mr. McNair suffers from fetal alcohol syndrome. The State has argued that Mr. McNair's claim of being "mentally challenged" is without merit because he filed his petition pro se. The State is wrong. Fact is the prison's provided contract attorneys ... drafted and filed Mr. McNair's petition based on what he verbally conveyed to them. Mr. McNair is incapable of reading or writing the simplest of sentences.

The trial court granted the State's motion and dismissed McNair's petition as time barred. In the trial court's findings of fact and conclusions of law, it agreed with the State and specifically concluded that the "tolling provision does not apply in this case." McNair now appeals that decision.

## ISSUE AND STANDARD OF REVIEW

▮ ¶ 6 McNair argues that because he adequately alleged facts suggesting mental incapacity, thus necessarily suggesting the in dismissing his petition under rule 12(b)(6).[5] "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness without deference to the lower court's conclusions of law." *Gardner v. Galetka*, 2004 UT 42, ¶ 7, 94 P.3d 263

(citation and internal quotation marks omitted). When reviewing a dismissal based on rule 12(b)(6) of the Utah Rules of Civil Procedure, we must accept the material allegations in the petition as true, and we will affirm the dismissal only if the petitioner has failed to state a claim for which relief can be granted, i.e., if he "can prove no set of facts in support of his claim." *See Colman v. Utah State Land Bd.*, 795 P.2d 622, 624 (Utah 1990).

## ANALYSIS

### I. Preservation

▮ ¶ 7 As a preliminary matter, the State contends that McNair failed to preserve the issue of tolling the statute of limitations due to mental incapacity and that we therefore should not consider this claim on appeal. " '[I]n order to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue.' " *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (alterations in original) (quoting *Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 14, 48 P.3d 968).

▮ ¶ 8 The original petition, in which McNair explained his mental limitations and asked the court to consider the petition in the interests of justice was, perhaps, not as straightforward as it could have been in preserving this issue. But the State understood the tolling provision to be at issue and explicitly addressed the tolling provision in its motion to dismiss. McNair then argued in his response that the State was wrong about the applicability of the tolling provision. And lest there be any lingering doubt about whether the issue was "presented to the trial court in such a way that the trial court ha[d] an opportunity to rule on th[e] issue," *see 438*

---

**4.** McNair's contention finds some support in *Gardner v. State*, 2010 UT 46, 234 P.3d 1115. In *Gardner*, the Utah Supreme Court declined to decide whether a constitutional interests-of-justice exception applies to the PCRA's statute of limitations following the 2008 amendments but held that the Court still "retains constitutional authority, even when a petition is procedurally barred, to determine whether denying relief would result in an egregious injustice." *Id.* ¶ 93. However, because we resolve this appeal on oth-

er grounds, it is unnecessary for us to reach this question.

**5.** McNair alternatively asserts that his statutorily authorized post-conviction counsel provided ineffective assistance. Because we reverse based on the sufficiency of the allegations contained in McNair's petition, we do not consider his alternative argument.

*Main St.*, 2004 UT 72, ¶ 51, 99 P.3d 801 (citation and internal quotation marks omitted), the trial court specifically ruled that the "tolling provision does not apply in this case." Thus, we readily conclude that the issue was sufficiently presented to the trial court to be preserved for appeal. *See id.*

## II. Sufficiency of the Allegations

¶ 9 McNair contends that dismissal under rule 12(b)(6) was improper because he sufficiently raised the issue of his mental incapacity and its connection to his failure to timely file his petition. The pleading standards for a post-conviction petition are not strictly a function of the general pleading rules but, rather, are set out in rule 65C of the Utah Rules of Civil Procedure, which "governs proceedings in all petitions for post-conviction relief filed under" the PCRA. *See* Utah R. Civ. P. 65C(a). Rule 65C requires that a petition contain, "in plain and concise terms, all of the facts that form the basis of the petitioner's claim to relief." *Id.* R. 65C(d)(3). This is a somewhat higher standard than the general pleading standard found in rule 8(a). *See id.* R. 8(a)(1) (requiring that pleadings contain "a short and plain ... statement of the claim showing that the party is entitled to relief").

¶ 10 When dealing with petitions under the PCRA, if there is a conflict between rule 65C and other rules of civil procedure, the more specific rule 65C is controlling. *See id.* R. 65C(a). However, when rule 65C is silent or does not conflict with another rule, the other civil procedure rules fully apply to post-conviction proceedings. This includes rule 8(f), which conflicts in no way with rule 65C and requires us to construe all pleadings so as "to do substantial justice." *See id.* R. 8(f). As a result, we must hold McNair's petition to the higher pleading standard found in rule 65C, while construing the petition as a whole in such a way as to promote substantial justice. *See id.; Geros v. Harries*, 65 Utah 227, 236 P. 220, 222 (1925) ("In determining the sufficiency of the allegations of a complaint, ... one must not have recourse to only certain parts of the complaint, but must determine the effect that should be given to the complaint when considered as a whole.").

¶ 11 Furthermore, the State recognizes the vitality of the other rules of civil procedure insofar as they are not in conflict with rule 65C by correctly noting that "the respondent [to a petition] may file a motion to dismiss" even though rule 65C does not explicitly authorize a respondent to do so. *See* Utah R. Civ. P. 65C(h)(1) (allowing the assigned judge to summarily dismiss a facially frivolous claim but containing no provision allowing a respondent to file a motion to dismiss); *id.* R. 65C(k) (describing how a petitioner may respond to a motion to dismiss). In this case, the trial court did not summarily dismiss the petition, and the State was appropriately allowed to file a motion to dismiss— not under rule 65C, which is silent on the subject, but under rule 12(b)(6), which coexists with rule 65C to the extent that it is not displaced by it. As a result, we construe McNair's response to the State's motion to dismiss under the general body of civil procedure rules.

¶ 12 Finally, in general, a pro se document

> is to be liberally construed.... [H]owever inartfully pleaded, [it] must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed ... if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citations and internal quotation marks omitted) (discussing pleading requirements under the Federal Rules of Civil Procedure). *See State v. Winfield*, 2006 UT 4, ¶ 19, 128 P.3d 1171 (holding that pro se litigants should be "accorded every consideration that may reasonably be indulged") (citations and internal quotation marks omitted). Applying these principles to McNair's original petition, as further illuminated by his response to the State's motion to dismiss, we conclude that he sufficiently raised the issue of his mental incapacity in connection with the tolling provision such that dismissal of his petition at this early stage was improper.

¶ 13 McNair's original petition, construed liberally to do substantial justice, contains "all of the facts that form the basis of the petitioner's claim to relief." *See* Utah R. Civ. P. 65C(d)(3). It is true that these facts were inartfully squared with the provisions of the PCRA and that the petition failed to explicitly ask the trial court to toll the statute of limitations due to McNair's mental incapacity. But McNair did ask the court to consider the petition even though it was late, explaining that McNair was "mentally challenged" due to fetal alcohol syndrome. Indulging all the consideration to which a pro se petitioner is entitled, we conclude that McNair's petition raised all the facts necessary to survive the State's motion to dismiss.

¶ 14 Additionally, in his response to the State's motion to dismiss, McNair explicitly mentions the tolling provision and then makes factual allegations about his mental incapacity. Nonetheless, the State argues, as it did below, that McNair never sufficiently connected his mental incapacity with the tolling provision. Indeed, between McNair's assertion that the tolling provision applied and his factual allegations about his mental incapacity, he inserted one sentence—almost as an aside—about the "interest of justice" exception. But we do not construe a response defending a pro se petition by reading discrete sentences in isolation. Instead, we "determine the effect that should be given [to them] when considered as a whole." *Cf. Geros,* 236 P. at 222 (construing a complaint). It is also true that McNair failed to use the word "because" to connect his assertion that the tolling provision applied with his claimed mental incapacity. However, indulging all the consideration to which a pro se petitioner is entitled, it would be untenable if McNair's petition should fail for lack of the word "because." Therefore, we construe the response to effectively read: "The State is wrong" when it argues that the tolling provision does not apply *because* "McNair suffers from fetal alcohol syndrome" and "is incapable of reading or writing," which prevented him from timely filing his petition. Such a construction is consistent with the document as a whole, does not hold McNair to the stringent and formal standards reserved for attorneys, does substantial justice, and does not exceed

what may "reasonably be indulged" under the circumstances. *See Winfield,* 2006 UT 4, ¶ 19, 128 P.3d 1171.

¶ 15 Reviewing the State's motion to dismiss under rule 12(b)(6), we must "accept the factual allegations as true and draw all reasonable inferences from those facts in a light most favorable to" McNair. *See Peck v. State,* 2008 UT 39, ¶ 2, 191 P.3d 4. As a result, we assume exactly what McNair asserts both in his petition and in his response to the State's motion to dismiss: that he has mental limitations due to fetal alcohol syndrome. We then make the reasonable inference that McNair's mental condition was the cause of his failure to timely file his petition. This was sufficient to survive the State's motion to dismiss for lack of timeliness, and the trial court therefore erred in granting the State's motion on those grounds.

¶ 16 This of course does not mean that McNair's petition cannot ultimately be denied as untimely. The State will now have the opportunity to answer the petition and perhaps it will plead the statute of limitations as an affirmative defense. *See* Utah R. Civ. P. 8(c). The trial court will have the chance to consider the State's evidence in support of that defense as well as McNair's evidence that the statute of limitations should be tolled due to his mental incapacity.

## CONCLUSION

¶ 17 We determine that while rule 65C of the Utah Rules of Civil Procedure governs post-conviction petitions, the general body of civil procedure rules still applies when there is no direct conflict with rule 65C. Therefore, McNair's petition is held to the somewhat higher pleading standard contained in rule 65C(d)(3), but it is also subject to rule 8(f), which requires us to construe his petition to do substantial justice. Since rule 12(b)(6) does not conflict with rule 65C, we assume all facts and reasonable inferences contained in the petition, as clarified in the response to the State's motion to dismiss, in the light most favorable to McNair. Construing the petition and the response liberally, as is appropriate in the case of a pro se petitioner, we conclude that McNair's assertions were

sufficient to survive the State's motion to dismiss. Accordingly, we reverse the dismissal of McNair's petition and remand the case to the trial court for such proceedings as may now be in order.