2014 UT App 240

THE UTAH COURT OF APPEALS

STEPHEN RIPPEY,
Petitioner and Appellant,
*v.*
STATE OF UTAH,
Respondent and Appellee.

Memorandum Decision
No. 20110783-CA
Filed October 17, 2014

Third District Court, West Jordan Department
The Honorable Mark S. Kouris
No. 100403251

Cory A. Talbot, Megan J. DePaulis, and Rebecca H.
Held, Attorneys for Appellant

Sean D. Reyes and Brett J. DelPorto, Attorneys
for Appellee

JUDGE JOHN A. PEARCE authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and JAMES Z. DAVIS concurred.

PEARCE, Judge:

¶1     Stephen Rippey appeals from the district court's order
dismissing his petition for post-conviction relief. We affirm.

¶2     In July 2008, ten-year-old S.B. reported to her mother that
Rippey had sexually abused her at least ten times—and possibly as
many as thirty times—over the previous three years. When S.B.'s
mother confronted Rippey about the abuse, he immediately
admitted to touching S.B. sexually as well as sexually abusing her
with a spatula. Rippey also admitted the sexual abuse to the doctor
who performed his post-arrest psychosexual evaluation.

¶3      The State charged Rippey with three counts of aggravated sexual abuse of a child and two counts of object rape of a child, all first degree felonies. On November 12, 2008, Rippey entered a guilty plea to one count of aggravated sexual abuse of a child and one count of object rape of a child. The State dismissed the other three charges in exchange for Rippey's guilty plea. On February 5, 2009, the district court sentenced him to two concurrent prison terms of fifteen years to life. Rippey did not seek to withdraw his guilty plea prior to sentencing.

¶4      On February 11, 2010, Rippey filed a pro se petition for relief under the Post-Conviction Remedies Act (PCRA). *See* Utah Code Ann. §§ 78B-9-101 to -405 (LexisNexis 2012 & Supp. 2013); Utah R. Civ. P. 65C. Rippey's petition recited seventeen grounds for relief, eight of which the district court summarily dismissed as facially frivolous.[1] *See* Utah R. Civ. P. 65C(h)(1). The district court permitted the remainder of Rippey's claims to proceed. These claims included allegations that Rippey's plea was not knowing and voluntary because of his diminished mental capacity and that Rippey's counsel had been ineffective in failing to interview key witnesses, failing to apprise the district court of Rippey's mental health issues, and failing to advise Rippey of the actual evidence against him.

¶5      The State moved to dismiss Rippey's remaining claims, arguing that they lacked a legal or factual basis. The district court held a hearing on the State's motion, at which Rippey represented himself. At the hearing, the district court questioned Rippey extensively to discern the facts upon which Rippey based his claims. At the conclusion of the hearing, the district court granted the State's motion to dismiss. In its subsequent written dismissal order, the district court ruled that Rippey's direct challenges to the validity of his plea were procedurally barred because they could

---

1. The district court's dismissal of those claims is not at issue in this appeal.

have been raised at trial or on direct appeal. *See* Utah Code Ann. § 78B-9-106(1)(c) (LexisNexis 2012). The district court also determined that Rippey's ineffective assistance of counsel claims were not procedurally barred but that they lacked merit. Specifically, the district court ruled that Rippey "cannot meet his burden to demonstrate his plea was in fact unknowing and involuntary."

¶6    Rippey, now represented by counsel, raises two arguments on appeal. First, Rippey contends that the district court erred in concluding that his direct challenges to his guilty plea were procedurally barred, because Utah Code section 77-13-6(2)(c) specifically allows him to pursue his direct challenges under the PCRA. *See* Utah Code Ann. § 77-13-6(2)(c) (LexisNexis 2012). Second, Rippey argues that his petition adequately stated multiple ineffective assistance of counsel claims and that the district court erred in dismissing them. Both of these arguments present questions of law, the resolution of which we review for correctness. *See Brown v. State*, 2013 UT 42, ¶ 36, 308 P.3d 486 ("We review a district court's interpretation of a statute for correctness." (citation and internal quotation marks omitted)); *Taylor v. State*, 2012 UT 5, ¶ 8, 270 P.3d 471 ("We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness . . . ." (citation and internal quotation marks omitted)).

¶7    Rippey first argues that the district court erred when it ruled that his direct challenges to the knowing and voluntary nature of his guilty plea were procedurally barred because those challenges could have been, but were not, raised at trial or on appeal. Rippey argues that the PCRA's procedural bars do not apply to his claims because he did not seek to withdraw his guilty plea prior to sentencing and Utah Code section 77-13-6(2)(c) provides, "Any challenge to a guilty plea not made [by motion before sentence is announced] shall be pursued under [the PCRA]." *See* Utah Code Ann. § 77-13-6(2)(c). According to Rippey's argument, the words "shall be pursued" in the statute mandate that direct challenges to

a guilty plea be brought under the PCRA—apparently without regard to otherwise applicable procedural requirements.

¶8 Section 77-13-6(2)(c) has a well-established limiting effect on a defendant's ability to challenge a guilty plea on direct appeal. *See, e.g., State v. Merrill*, 2005 UT 34, ¶¶ 13–20, 114 P.3d 585. Rippey asks us to interpret section 77-13-6(2)(c) as a limitation on the PCRA's procedural bars as well. However, we decline to address this argument because it was not preserved for appeal. "'[I]n order to preserve an issue for appeal[,] the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue.'" *McNair v. State*, 2014 UT App 127, ¶ 7, 328 P.3d 874 (alterations in original) (quoting *438 Main St. v. Easy Heat, Inc.*, 2004 UT 72, ¶ 51, 99 P.3d 801).

¶9 Rule 24(a)(5) of the Utah Rules of Appellate Procedure requires an appellant's brief to contain either "citation to the record showing that the issue was preserved in the trial court" or "a statement of grounds for seeking review of an issue not preserved in the trial court." *See* Utah R. App. P. 24(a)(5). Rippey's appellate brief contains neither. We have conducted our own discretionary review of the record, *see Holladay v. Storey*, 2013 UT App 158, ¶ 11 n.4, 307 P.3d 584, but even affording the then-unrepresented Rippey "every consideration that may reasonably be indulged," *see State v. Winfield*, 2006 UT 4, ¶ 19, 128 P.3d 1171 (citation and internal quotation marks omitted), we see nothing in the record to indicate that Rippey made any version of his argument about Utah Code section 77-13-6 to the district court. *Cf. McNair*, 2014 UT App 127, ¶¶ 7–8 (concluding that pro se litigant had preserved a tolling issue because he "explained his mental limitations and asked the court to consider the petition in the interests of justice," the State responded to that argument, and the trial court specifically ruled that the tolling provision did not apply). Accordingly, we decline to address this argument because it is unpreserved.

¶10 Rippey next contends that the district court erred in dismissing his ineffective assistance of counsel claims. He argues

that he pleaded sufficient facts in his PCRA petition to adequately state his ineffective assistance of counsel claims. He further argues that the district court erred by failing to treat those facts as true and failing to evaluate them against the ineffective assistance of counsel standards stated in *Strickland v. Washington*, 466 U.S. 668 (1984).

¶11   The State moved to dismiss Rippey's PCRA petition pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 12(b)(6) (governing motions to dismiss for "failure to state a claim upon which relief can be granted"); *McNair*, 2014 UT App 127, ¶¶ 11, 15 (applying rule 12(b)(6) to PCRA petitions). Under rule 12(b)(6), "we must accept the factual allegations [in Rippey's petition] as true and draw all reasonable inferences from those facts in a light most favorable to [Rippey]." *McNair*, 2014 UT App 127, ¶ 15 (citation and internal quotation marks omitted). Additionally, Rippey's pro se petition "'is to be liberally construed,'" and its dismissal was proper only "'if it appears beyond doubt that [Rippey] can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* ¶ 12 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

¶12    However, to avoid dismissal, a PCRA petitioner—even a pro se petitioner—must still adequately plead facts upon which relief may be granted. "The pleading standards for a post-conviction petition . . . are set out in rule 65C of the Utah Rules of Civil Procedure, which 'governs proceedings in all petitions for post-conviction relief filed under' the PCRA." *Id.* ¶ 9 (quoting Utah R. Civ. P. 65C(a)). Under rule 65C, a PCRA petition "shall state . . . in plain and concise terms, *all* of the facts that form the basis of the petitioner's claim to relief." Utah R. Civ. P. 65C(d)(3) (emphasis added). A PCRA petitioner must additionally attach "affidavits, copies of records and other evidence in support of the allegations" to his petition if such documents are available. *Id.* R. 65C(e)(1). Thus, PCRA petitions are held to "a somewhat higher standard than the general pleading standard found in rule 8(a)" of the Utah

Rules of Civil Procedure.[2] *McNair*, 2014 UT App 127, ¶ 9; *see also* Utah R. Civ. P. 8(a)(1) (requiring that pleadings contain "a short and plain . . . statement of the claim showing that the party is entitled to relief").

¶13 Applying these standards to the district court's treatment of Rippey's PCRA petition, we see no error in the district court's dismissal of Rippey's ineffective assistance of counsel claims. Rippey's petition and its accompanying memorandum contain factual allegations that, if taken as true, arguably state one or more claims that his counsel performed deficiently in some respects. However, the district court properly focused on the standard that Rippey was ultimately required to meet—that his trial counsel's alleged deficiencies resulted in a guilty plea that "was in fact not knowing and voluntary." *See Bluemel v. State*, 2007 UT 90, ¶ 18, 173 P.3d 842 (citation and internal quotation marks omitted). In other words, in the context of seeking to withdraw a guilty plea, Rippey's trial counsel's alleged deficient performance may serve as an avenue to demonstrate that his guilty plea was not voluntary, but it is not an end unto itself. *See State v. Walker*, 2013 UT App 198, ¶ 42, 308 P.3d 573 (discussing the prejudice requirement for challenging a guilty plea based on an ineffective assistance of counsel claim).

¶14 Rippey argues that trial counsel's alleged deficiencies rendered his plea unknowing or involuntary notwithstanding the waivers embodied in his plea agreement. However, when challenging a guilty plea on the grounds of ineffective assistance of counsel, a PCRA petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have

---

2. We note that the "somewhat higher" pleading standard under rule 65C implies that there may well be PCRA petitions that, if challenged on a motion to dismiss, would state a claim under rule 8 but fall short under rule 65C. *See McNair v. State*, 2014 UT App 127, ¶ 9, 328 P.3d 874.

pleaded guilty and would have insisted on going to trial *and* that such a decision would have been rational under the circumstances." *Ramirez-Gil v. State*, 2014 UT App 122, ¶ 8, 327 P.3d 1228 (emphasis added) (citations and internal quotation marks omitted). In evaluating the likelihood and rationality of a decision to reject a plea bargain and go to trial, "'we look to the factual circumstances surrounding the plea.'" *Id.* (quoting *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002)); *see also Walker*, 2013 UT App 198, ¶ 42.

¶15   Rippey has not identified any facts he pleaded in his petition or proffered at the hearing that, if true, would establish a "rational" basis for rejecting the State's plea offer and insisting on a trial. *See Ramirez-Gil*, 2014 UT App 122, ¶ 8; *see also Clingman*, 288 F.3d at 1186 (stating that a "mere allegation that [a defendant] would have insisted on trial . . . is ultimately insufficient to entitle him to relief" (citation and internal quotation marks omitted)). By the time Rippey decided to accept the plea offer, he had admitted to the acts underlying the charges against him to at least two people.[3] Further, his plea bargain with the State resulted in the dismissal of three other first degree felony counts against him.

¶16   Under these circumstances, it appears rational for Rippey to have accepted the State's plea offer. To overcome that seemingly rational decision, Rippey's petition needed to identify factual allegations that would establish—or at least support an inference—"'that a decision to reject the plea bargain would have been rational under the circumstances.'" *Walker*, 2013 UT App 198, ¶ 42 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)). In the absence of factual allegations showing that Rippey's rejection of the plea deal would have been rational under the circumstances,

---

3. Even at the post-conviction stage, Rippey did not deny sexually abusing S.B. To the contrary, one of the addenda to his petition was a postsentencing letter to his attorney wherein Rippey stated, "[A]t least I told the truth."

Rippey's petition fails to state a claim for relief based on ineffective assistance of counsel.

¶17     We affirm the district court's dismissal of Rippey's PCRA petition.

———————