2017 UT App 122

## THE UTAH COURT OF APPEALS

CESAR DANIEL LOPEZ,
Appellant,
*v.*
OGDEN CITY,
Appellee.

Opinion
No. 20150271-CA
Filed July 20, 2017

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 140905670

Jason B. Richards, Attorney for Appellant

Wm. Gregory Burdett, Attorney for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES J. FREDERIC VOROS JR. and JILL M. POHLMAN
concurred.

CHRISTIANSEN, Judge:

¶1     On the advice of his defense attorney, Cesar Daniel Lopez
pled guilty to one count of retail theft, a class B misdemeanor, in
the Ogden City Justice Court. Long after the time to withdraw
his guilty plea had expired, Lopez filed a petition in the Second
District Court seeking to vacate his conviction pursuant to the
Post-Conviction Remedies Act (the PCRA). Ogden City moved
to dismiss the petition. The court determined that Lopez should
have had knowledge of one of his PCRA claims when he was
originally sentenced, that the PCRA's statute of limitations
therefore began to run at the time of sentencing, and that
Lopez's PCRA petition was consequently time-barred. Lopez
appeals, contending that the court improperly considered an
exhibit submitted with the City's motion to dismiss and that the

court failed to treat the factual allegations of his petition as true. Although we conclude that the exhibit was properly before the court, we vacate the dismissal on the ground that the court's interpretation of that exhibit improperly discounted Lopez's factual allegations.

¶2     "On appeal from a motion to dismiss, we review the facts only as they are alleged in the complaint." *Peck v. State*, 2008 UT 39, ¶ 2, 191 P.3d 4 (citation and internal quotation marks omitted); *see also McNair v. State*, 2014 UT App 127, ¶ 2 n.1, 328 P.3d 874 (same, in the context of the dismissal of a PCRA claim). "We accept the factual allegations as true and draw all reasonable inferences from those facts in a light most favorable to the [petitioner]." *Peck*, 2008 UT 39, ¶ 2.

¶3     In his September 4, 2014 PCRA petition, Lopez claimed that his defense attorney had failed to inform him of the potential immigration consequences of the guilty plea he entered on January 28, 2011.[1] Lopez also claimed that neither his public defender nor the justice court informed him of "his right to counsel, his right to a public trial, and his right to withdraw his guilty plea," as required by rule 11(e) of the Utah Rules of Criminal Procedure. Lopez asserted that he "first became aware

---

1. Neither party, nor the record itself, states with certainty what Lopez's immigration status was or what impact a guilty plea had on that status. For the purposes of this appeal, we assume that Lopez was an undocumented immigrant and that the guilty plea increased the likelihood of his being deported. However, we note that guilty pleas can also have immigration consequences, including deportation, for lawful permanent residents, i.e., green card holders. *See, e.g.*, NYSDA Immigrant Defense Project, Immigration Consequences of Convictions Summary Checklist, http://nm.fd.org/index_files/ImmigrationConsequencesChecklist.pdf [https://perma.cc/ND4Y-H4GH].

of the evidentiary facts on which the petition [was] based within the [last one year,] after reviewing his criminal proceedings with his new counsel."

¶4 The City moved to dismiss the petition on two procedural bases. First, the City asserted that Lopez had failed to appeal his sentence via a trial de novo in the district court despite being "informed by the court that he had 30 days to appeal any sentence given."[2] Consequently, in the City's view, Lopez's petition was barred because a provision of the PCRA "precludes a petitioner from receiving relief if the ground for relief could have been but was not raised at trial or on appeal." (Citing Utah Code section 78B-9-106.) Second, the City argued that, because Lopez did not file an appeal, the one-year time limit on his petition (challenging the effectiveness of his trial counsel and other aspects of the criminal proceedings) began running on February 28, 2011, and expired on February 28, 2012, thus rendering his September 4, 2014 petition "over two years too late." *See* Utah Code Ann. § 78B-9-107(1) (LexisNexis 2012) ("A petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued."); *id.* § 78B-9-107(2)(a) (setting forth methods for calculating the date of accrual, including, as relevant here, that a PCRA cause of action may accrue on "the last day for filing an appeal from the entry of the final judgment of conviction, if no appeal is taken").

¶5 The City attached an exhibit—the justice court docket for Lopez's case—to its motion to dismiss (the Docket Exhibit). With respect to the trial date, guilty plea, and sentencing, the Docket Exhibit recounted:

> This is the time set for bench trial. Defendant is present, in custody of Weber County Jail,

---

2. The City cited no evidence to support its assertion that the justice court had so informed Lopez.

with . . . as counsel. Trial is not held as negotiations
have been reached.
Defendant enters plea of guilty to MB-retail theft.
City moves to dismiss remaining charges.
Court accepts and proceeds with sentencing.
SENTENCE JAIL
Based on the defendant's conviction of RETAIL
THEFT (SHOPLIFTING) a Class B Misdemeanor,
the defendant is sentenced to a term of 60 day(s)[.]
The total time suspended for this charge is 60
day(s).
SENTENCE JAIL SERVICE NOTE

Court imposes a pay/stay sentence of $500 cash or
60 days jail.
Sentence may run concurrent with any other time
the defendant is serving. Defendant may be
released to Immigrations.

¶6      Lopez opposed the City's motion to dismiss, arguing that
his claims were not precluded, because he had been unaware of
the factual bases for a motion to withdraw his plea—his trial
counsel's failure to inform him of the immigration risks of a
guilty plea and his right to withdraw that plea—"until well after
the time period to file a motion to withdraw his plea or to file a
notice of appeal had expired." He also argued that the one-year
statute of limitations for a PCRA claim did not bar his claim,
because he did not learn of the potential immigration
consequences more than a year before he filed the petition.
Lopez did not object to the Docket Exhibit submitted by the City
in support of its motion to dismiss.

¶7      The PCRA court first concluded that Lopez's claims were
"not subject to preclusion pursuant to Utah Code § 78B-9-106";
i.e., they were not claims Lopez could have raised at trial or on
appeal. However, the court then determined that the Docket

Exhibit showed "instances where [Lopez]—through the exercise of diligent efforts—should have known of the potential of impending immigration concerns that could accompany his guilty plea." The court concluded, "As he stood to know of these potential consequences, it follows that the exercise of reasonable diligence would have alerted him at that time of the procedural mechanisms to appeal his sentence to the District Court through a trial de novo." Thus, the PCRA court dismissed the petition based on the second ground argued by the City—that Lopez's petition was untimely.

¶8      "A petitioner is entitled to relief only if the petition is filed within one year after the cause of action has accrued." Utah Code Ann. § 78B-9-107(1). As relevant here, a PCRA cause of action accrues "on the latest of the following dates: (a) the last day for filing an appeal from the entry of the final judgment of conviction, if no appeal is taken [or] . . . (e) the date on which [the] petitioner knew or should have known, in the exercise of reasonable diligence, of evidentiary facts on which the petition is based." *Id.* § 78B-9-107(2).

¶9      The PCRA court determined that Lopez knew or should have known of the facts underlying his PCRA claim because it determined, based on the notations contained in the Docket Exhibit, that Lopez had been informed or should otherwise have been aware of the potential immigration consequences of his guilty plea. Accordingly, the court ruled that "the limitations period outlined in Utah Code § 78B-9-107(2)(e) began to run during [Lopez's] misdemeanor proceedings before the Ogden City Justice Court or, at the latest, immediately following his sentencing," and that the one-year period had therefore "long since passed." The PCRA court concluded that Lopez's 2014 PCRA petition was consequently untimely and granted the City's motion to dismiss.

¶10     "We review an appeal from an order dismissing or denying a petition for post-conviction relief for correctness

without deference to the lower court's conclusions of law." *Gardner v. State*, 2010 UT 46, ¶ 55, 234 P.3d 1115 (citation and internal quotation marks omitted).

¶11    Lopez contends that the PCRA court erred by relying on the Docket Exhibit in reaching its conclusion that his petition was untimely. Specifically, he argues that the Docket Exhibit was a document "outside the pleadings" and that the court should therefore have converted the motion to dismiss to a motion for summary judgment before considering it. *See, e.g.*, *Tuttle v. Olds*, 2007 UT App 10, ¶¶ 8, 10, 155 P.3d 893 (addressing the circumstances under which such conversion is necessary). Lopez asserts that the court's failure to properly convert the motion denied him "an adequate opportunity to present information outside of the pleadings to respond to [the Docket Exhibit.]" But even if the court had properly converted the motion, according to Lopez, the Docket Exhibit would still have been insufficient and inadmissible because it was "not verified by any person nor was it certified by a court clerk, or any other court employee."

¶12    The City responds that, "[i]n considering a motion to dismiss, the court may consider items that are deemed to be part of the complaint, such as items appearing in the record of the case." (Citing 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357.) The City asserts, "Even if [the PCRA court] cited facts from the criminal record or from items attached to the . . . motion to dismiss, in a post-conviction case, those items are part of the pleading."

¶13    In the time since this case was briefed, the relevant rule has been amended. Rule 65C of the Utah Rules of Civil Procedure, which governs PCRA cases, now provides that "[a]ll records in the criminal case under review . . . are deemed part of the trial court record in the petition for post-conviction relief." Utah R. Civ. P. 65C(n)(3) (effective May 1, 2017). Regardless of

whether this rule amendment should be applied retroactively,[3] we note that the City could now simply refile the motion to dismiss and the current rule would apply, thus allowing the PCRA court to properly consider the docket directly. Accordingly, in the interest of judicial efficiency, we treat the Docket Exhibit as properly before the PCRA court as "part of the trial court record" in the PCRA proceedings. *See id.*

¶14   Lopez also contends that the PCRA court erred in determining that the one-year statute of limitations began to run upon entry of the sentence because Lopez "should have known" of the immigration consequences that could flow from his guilty plea at that point. *See* Utah Code Ann. § 78B-9-107(2)(e) (LexisNexis 2012) (providing that the one-year statute of limitations begins running on "the date on which the petitioner knew or should have known, in the exercise of reasonable diligence, of [the] evidentiary facts on which the petition is based"). Specifically, Lopez argues that the court improperly discounted a factual allegation made in his petition.

¶15   When considering a motion to dismiss, a court must assume that the factual allegations contained in the complaint are true, and must draw all reasonable inferences in the light most favorable to the petitioner or plaintiff. *See Commonwealth*

---

3. *See State v. Clark*, 2011 UT 23, ¶ 12, 251 P.3d 829 ("With respect to procedural statutes enacted subsequent to the initiation of a suit . . . , we have held that the new law applies not only to future actions, but also to accrued and pending actions, and that further proceedings in a pending case are governed by the new procedural law." (brackets, citation, and internal quotation marks omitted)); *id.* ¶ 14 ("The law governing this procedural occurrence is thus the law in effect at the time of the procedural act, not the law in place at the time of the occurrence giving rise to the parties' substantive claims.").

*Prop. Advocates, LLC v. Mortgage Electronic Registration System, Inc.*, 2011 UT App 232, ¶ 16, 263 P.3d 397; *see also Rippey v. State*, 2014 UT App 240, ¶ 11, 337 P.3d 1071 (applying the same rule in the context of a PCRA petition). A motion to dismiss is properly granted "only if it clearly appears that [the petitioner] can prove no set of facts in support of his claim" which would entitle him to relief. *America West Bank Members, L.C. v. State*, 2014 UT 49, ¶ 7, 342 P.3d 224 (citation and internal quotation marks omitted); *accord Rippey*, 2014 UT App 240, ¶ 11.

¶16 Lopez's petition alleged that, due to the deficiencies of his counsel, he did not know of the immigration consequences associated with a guilty plea until well after the plea was accepted and the statute of limitations had expired. The PCRA court's consideration of the Docket Exhibit therefore focused on two entries related to his immigration status. The first entry memorializes a continuance and gives as the reason for the continuance the fact that "Defendant's parents have retained an immigration attorney." And the second entry states, "Sentence may run concurrent with any other time the defendant is serving. Defendant may be released to Immigrations." The PCRA court determined that "these official docket entries represent instances where [Lopez]—through the exercise of diligent efforts—should have known of the potential of impending immigration concerns that could accompany his guilty plea." The court ruled that the statute of limitations began to run, "at the latest, immediately following [Lopez's] sentencing," and had therefore long since expired. Consequently, the court dismissed the PCRA petition.[4]

---

4. The court did not address Lopez's other allegations that he "was not informed of his right to counsel, his right to a public trial, and his right to withdraw his guilty plea" in violation of Utah Rule of Criminal Procedure 11, the United States Constitution, and the Utah Constitution. *See generally State v.*

(continued…)

¶17    We conclude that such dismissal was improper because the court incorrectly weighed the Docket Exhibit against Lopez's factual allegations. For the purposes of a motion to dismiss, the court was required to accept as true the factual allegation that Lopez did not know of the immigration consequences due to the shortcomings of both his counsel and the justice court. *See, e.g.,* *Rippey*, 2014 UT App 240, ¶ 11. However, the court interpreted the Docket Exhibit entry in a way that discounted this factual allegation. The PCRA court relied on an entry in the Docket Exhibit showing that Lopez's parents had retained an immigration attorney and concluded that, as a result, Lopez should have known that negative immigration consequences could result from a criminal conviction. This reliance assumed too much. The fact that Lopez's parents retained an immigration attorney does not prove that Lopez ever consulted with an immigration attorney or that the attorney informed him of the immigration consequences of entering a guilty plea. Even if Lopez did consult an immigration attorney, incomplete or incorrect advice from that attorney could still have left Lopez unaware that a guilty plea would trigger immigration

---

(…continued)

*Lovell*, 2011 UT 36, ¶ 39, 262 P.3d 803 ("The record before the trial court, consisting of the plea colloquy and the contents of documents where they have been properly incorporated, must contain statements that clearly and unequivocally instruct the defendant of the rights listed in rule 11(e)." (citation and internal quotation marks omitted)), *abrogated on other grounds by State v. Guard*, 2015 UT 96, 371 P.3d 1. Neither of the docket entries discussed by the PCRA court touched upon those claims. It is therefore unclear how the court might have determined that Lopez knew or should have known of them as of the time of sentencing (or even if the court did). On this record, the court appears to have dismissed the entire PCRA petition after determining only that one of several claims was time-barred.

consequences. Thus, interpreting the retention of an immigration attorney as proof that Lopez ultimately knew or should have known of the consequences of a guilty plea improperly discounts Lopez's factual allegation that he "was not informed about the consequences [his] guilty plea would have on his immigration status." For the purposes of a motion to dismiss, the mere notation that an immigration attorney had been retained by Lopez's parents was insufficient to support the PCRA court's determination that Lopez should have known of the potential immigration consequences of his plea. *See America West*, 2014 UT 49, ¶ 7 (explaining that a motion to dismiss is properly granted only when the plaintiff can prove no set of facts in support of his claim).

¶18 The PCRA court also relied on the Docket Exhibit's statement that Lopez "may be released" to the immigration authorities. But if the court had correctly accepted as true Lopez's factual assertion that he had not been informed of the immigration consequences of a guilty plea, this statement would not have informed Lopez that his plea could have an *additional* adverse impact beyond that of being an undocumented immigrant in custody.

¶19 We conclude that the PCRA court improperly discounted the factual allegations made in the petition when it determined that Lopez should have known of the immigration consequences of his guilty plea no later than the time of sentencing and thus that the statute of limitations began to run at that time. *Cf. Arnold v. Grigsby*, 2010 UT App 226, ¶ 13, 239 P.3d 294 ("The question of when a plaintiff knew or should have known sufficient facts to trigger a statute of limitations presents a 'classic factual dispute that should be resolved by the finder of fact.'" (quoting *Sevy v. Security Title Co.*, 902 P.2d 629, 634 (Utah 1995))). The court thus did not assume that the factual allegations contained in the petition were true and did not draw all reasonable inferences in Lopez's favor as it was required to do when ruling on a motion

to dismiss. *See Rippey v. State*, 2014 UT App 240, ¶ 11, 337 P.3d 1071.

¶20    Accordingly, we vacate the PCRA court's order of dismissal and remand the case for further proceedings consistent with this opinion.

———————