FILED
United States Court of Appeals
Tenth Circuit

November 4, 2019

Chris Wolpert
Chief Deputy Clerk

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

STEPHEN RIPPEY,

      Petitioner - Appellant,

v.

STATE OF UTAH,

      Respondent - Appellee.

Nos. 18-4145 & 19-4014
(D.C. No. 2:15-CV-00236-RJS)
(D. Utah)

_____

## ORDER

_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

This matter is before the court on Appellant's (1) *Motion for Leave to File an Untimely Consolidated Petition for Panel Rehearing and Petition for Hearing En Banc* ("Motion for Leave"); (2) *Petition for Panel Rehearing and Petition for Hearing En Banc* ("Consolidated Petition"); and (3) *Motion for Stay*. Upon careful consideration, the court directs as follows.

The Motion for Leave is granted. The Clerk is directed to file Appellant's Consolidated Petition as of the date it was received.

Appellant's request for panel rehearing is denied. The Consolidated Petition was transmitted to all judges of the court who are in regular active service. As no member of the panel and no judge in regular active service on the court requested that the court be polled, Appellant's request for en banc rehearing is also denied.

The motion for stay is denied.

Finally, the court *sua sponte* amends its *Order Denying Certificate of Appealability* issued September 17, 2019 to the extent of the changes reflected in the attached *Amended Order Denying Certificate of Appealability*. The Clerk is directed to withdraw the original *Order Denying Certificate of Appealability*, and replace it with the attached *Amended Order Denying Certificate of Appealability* effective *nunc pro tunc* to September 17, 2019.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

by: Chris Wolpert
    Chief Deputy Clerk

FILED
United States Court of Appeals
Tenth Circuit

September 17, 2019

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

STEPHEN RIPPEY,

Petitioner - Appellant,

v.

STATE OF UTAH,

Respondent - Appellee.

Nos. 18-4145 & 19-4014
(D.C. No. 2:15-CV-00236-RJS)
(D. Utah)

_____

**AMENDED ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

In these consolidated cases, Stephen Rippey, a Utah state inmate, seeks certificates

of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 habeas corpus

petition and the denial of his Fed. R. Civ. P. 60(b) motion for relief from judgment. We

deny a COA and dismiss the matters.[1]

**I. Background**

In 2008, ten-year-old S.B. reported to her mother that Rippey, her step-father, had

been sexually abusing her. When S.B.'s mother confronted him, he admitted touching

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] "Because [Rippey] is pro se, we liberally construe his filings, but we will not act
as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

S.B. sexually, both with his hands and with a kitchen spatula. Thereafter, Rippey was charged with three counts of aggravated sexual abuse of a child and two counts of object rape of a child. In exchange for dismissal of three charges, Rippey pleaded guilty to one count of each offense. Following a hearing three months later, the trial court sentenced him to two concurrent terms of fifteen years to life. Rippey didn't seek to withdraw his guilty plea prior to sentencing, nor did he pursue a direct appeal.

Five days after sentencing, Rippey wrote to his attorney, "15-life is sounding worse every day. So much for being honest. I may be a coward, but at least I told the truth." R. Vol. 2 at 102. He then filed a petition for post-conviction relief (PCR) in state court. The PCR court summarily dismissed some claims as frivolous and, following a hearing, denied the petition. On collateral appeal, the Utah Court of Appeals affirmed, and the Utah Supreme Court denied review. *Rippey v. State*, 337 P.3d 1071 (Utah Ct. App. 2014), *cert. denied*, 347 P.3d 405 (Utah 2015).

Rippey filed a timely § 2254 petition, and the district court, after finding one claim procedurally defaulted and the remaining claims without merit, denied the petition and denied a COA. Rippey then filed a "Notice of Intent to File 60b," seeking relief "due to mistakes, inadvertence, excusable neglect, newly discovered evidence, [f]raud, etc." R. Vol. 5 at 7. Three months later, the court, treating the Notice as a Rule 60(b) motion, denied the motion and denied a COA. Rippey now seeks a COA as to both orders.

## II. COA Standard

We may issue a certificate of appealability only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the claims denied on the

2

merits, Rippey must show reasonable jurists would regard the district court's rulings on his constitutional claims as debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the claim the district court deemed defaulted, Rippey must show reasonable jurists would find it debatable both that the petition states a valid constitutional claim and that the court was correct in its procedural ruling. *See id.*

When determining if Rippey has satisfied these standards, we are limited to "an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Nevertheless, we must incorporate the deferential standard under 28 U.S.C. § 2254 into our review. *See Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). Under that standard, a state court's factual findings are presumed correct, rebuttable only by clear and convincing evidence, *see* 28 U.S.C. § 2254(e)(1), and for claims adjudicated on the merits in state court, a petitioner must show the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law," or "was based on an unreasonable determination of the facts." *Id.* § 2254(d)(1), (2). If this deferential "standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

### III. Discussion

### A. Denial of § 2254 Petition (Appeal No. 18-4145)

Construed liberally, Rippey's § 2254 petition raised a host of ineffective assistance of counsel (IAC) claims as well as due process and double jeopardy claims. Although Rippey contends the district court didn't address all of the claims raised in his petition, we need not decide whether it failed to do so, because even if the court overlooked some

claims—specifically, those in an exhibit appended to his petition but not specified in the body of the petition—Rippey still has not "made a substantial showing of the denial of a constitutional right" as required for a COA for those claims. 28 U.S.C. § 2253(c)(2).

### 1. IAC Claims Concerning Failure to File Direct Appeal

First, Rippey claimed in his § 2254 petition that his trial counsel failed to properly advise him of his right to appeal and failed to pursue an appeal on his behalf. The district court found this claim procedurally defaulted because Rippey failed to raise it in state court on appeal from the denial of his PCR petition. Rippey offers no argument concerning the district court's finding of a procedural default. Thus, he has waived any challenge to this ruling. *See Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012) (noting the waiver rule, for which "[a]rguments not clearly made in a party's opening brief are deemed waived," applies "even to prisoners who proceed pro se and therefore are entitled to liberal construction of their filings").

### 2. IAC Claims Concerning Guilty Plea and Sentencing

Rippey also raised IAC claims challenging both his guilty plea and his resulting sentences. To establish IAC, Rippey was required to show both objectively unreasonable performance by his attorney and a reasonable probability of a different outcome. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). When reviewing an IAC claim adjudicated on the merits in state court, we must "use a doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (internal quotation marks omitted). Additionally, for Rippey's claims concerning his guilty plea, he was required to show: (a) "there is a

4

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial," *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); and (b) "a decision to reject the plea bargain would have been rational under the circumstances," *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).  Rippey's "mere allegation that he would have insisted on trial" is not sufficient; "[r]ather, we look to the factual circumstances surrounding the plea," particularly "the strength of the prosecutor's case," to assess whether Rippey would have gone to trial.  *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (internal quotation marks omitted).

Rippey's IAC claims related to his guilty plea include that his counsel: (1) failed to investigate the State's case, including interviewing witnesses; (2) failed to investigate and pursue defenses of diminished capacity and intoxication; (3) coerced him into pleading guilty; (4) coached his confession; (5) misadvised him of his possible sentence and the State's position on sentencing; and (6) failed to contend aggravated sexual abuse of a child was a lesser included offense of object rape of a child.

These claims are belied by the representations he made at the plea hearing, which "carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Additionally, as the PCR court correctly found, "[t]he factual basis for the crimes was never seriously in question" considering Rippey's confessions.  R. Vol. 1 at 69. Reasonable jurists would not debate the denial of these claims.

Rippey's sentencing-related IAC claims include that his counsel: (1) told him not to tell the court of his history of mental illness; (2) failed to inform the court of mitigating

5

evidence; and (3) failed to object to the aggravator of the victim's vulnerability when the sentence was already aggravated by Rippey being in a position of special trust.

Because Rippey didn't raise the latter claim in his collateral appeal, it is procedurally defaulted. *See Thomas v. Gibson*, 218 F.3d 1213, 1221 (10th Cir. 2000) ("[I]f a petitioner failed to exhaust state remedies and the court to which the [applicant] would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] the claims are considered exhausted and procedurally defaulted for purposes of federal habeas relief." (internal quotation marks omitted)). His other claims are unsupported, as he failed to offer evidence showing a history of mental illness and failed to identify the evidence his attorney should have submitted at sentencing. Additionally, Rippey also has offered only conclusory allegations regarding the impact on his sentence, which is insufficient to satisfy *Strickland*'s prejudice prong. *See Stafford v. Saffle*, 34 F.3d 1557, 1564-65 (10th Cir. 1994). Accordingly, reasonable jurists would not debate the denial of these claims.

### 3. Non-IAC Claims

Next, Rippey raised other claims in his § 2254 petition, such as due process and double jeopardy violations. These claims all would be procedurally defaulted for the same reason as his IAC claim concerning his right to a direct appeal: they were not presented in the collateral appeal and would be defaulted if presented now. Rippey, through counsel, only raised two issues in his collateral appeal: (1) the PCR court erroneously found "his direct challenges to his guilty plea were procedurally barred"; and (2) the PCR court erroneously dismissed his IAC claims. R. Vol. 1 at 76-77. Any claims

6

beyond those are procedurally defaulted. *See Thomas*, 218 F.3d at 1221. Accordingly, reasonable jurists would not debate the denial of those claims.

## 4. Additional Arguments for Habeas Relief

In his brief to this court, Rippey raises arguments that aren't independently cognizable claims for habeas relief, such as his contention that the district court erred in not granting a COA. Moreover, several issues in his brief are merely duplicative of other claims, such as his generalized contention that the district court erred in upholding the rulings by the state courts. Lastly, Rippey raises arguments that he didn't include in his § 2254 petition, such as: (1) he was denied counsel at his initial appearance in the state trial court; (2) the PCR court erred in not appointing counsel, conducting an evidentiary hearing, or granting default judgment due to the State's failure to timely respond to the petition;[2] (3) IAC based on his attorney's failure to contest the presentence investigation report; (4) IAC based on his attorney's advice to plead guilty even though, according to Rippey, his counsel didn't believe his actions constituted rape and didn't believe he received an appreciable benefit from his plea; (5) an Eighth Amendment violation when he was denied bail based on inaccurate information and IAC based on the failure to raise an Eighth Amendment objection; and (6) he was prejudiced by the very nature of his charges and false information since his arrest.[3] We will not consider issues not raised in

---

[2] Rippey's procedural challenges to his PCR proceedings also are not cognizable in a federal habeas proceeding. *See Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993) (rejecting as non-cognizable a challenge to Oklahoma's post-conviction procedures).

[3] Rippey alluded to this argument in his traverse by stating "the very nature of the crime prejudiced him and created a strong bias towards him by all parties." R. Vol. 3 at

district court.  *See Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999) (refusing to consider an issue not raised in the district court habeas proceeding).

### 5.  Evidentiary Hearing/Appointment of Counsel

Lastly, Rippey contends the district court erred in denying an evidentiary hearing and the appointment of counsel.  However, as all claims could be resolved on the record, an evidentiary hearing wasn't needed.  *See* 28 U.S.C. 2254(e)(2); *see also Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 859 (10th Cir. 2005).  We also find no abuse of discretion in the denial of counsel.  *See Swazo v. Wyo. Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994) (noting appointment of counsel is discretionary except when an evidentiary hearing is required).

### B.  Denial of Rule 60(b) Motion (Appeal No. 19-4014)

Rippey also seeks a COA from the denial of his Rule 60(b) motion.  Relief under Rule 60(b) based on newly discovered evidence is permissible when the evidence was discovered after the judgment, the movant "was diligent in discovering the new evidence," the evidence is material and not merely cumulative or impeaching, and "the newly discovered evidence would probably produce a different result."  *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (internal quotation marks omitted).  "We review the . . . denial of a Rule 60(b) motion for abuse of discretion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

---

57. However, Rippey never sought to amend his petition to add this claim, and claims raised for the first time in a traverse are not properly before the district court or this court. *See Thompkins v. McKune*, 433 F. App'x 652, 658-59 & n.5 (10th Cir. 2011) (collecting unpublished decisions from this court as well as published cases from other circuits).

In his brief, Rippey contends that the decision in *Gailey v. State*, 379 P.3d 1278 (Utah 2016), constitutes newly discovered evidence. But Rippey never made this argument in district court, and therefore, we won't consider it. *See Rhine*, 182 F.3d at 1154. He also hasn't addressed the other grounds for relief listed in conclusory fashion in his Rule 60(b) motion, including mistake, inadvertence, excusable neglect, and fraud. Therefore, he has abandoned any such arguments. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011). Accordingly, reasonable jurists would not debate the correctness of the denial of Rippey's Rule 60(b) motion, and we decline to issue a COA.

## IV. Conclusion

For the above reasons, we deny Rippey's requests for a COA and dismiss these matters. We grant his motions to proceed *in forma pauperis*.

Entered for the Court

Nancy L. Moritz
Circuit Judge

9